PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOE WALLACE PEEPLES, III, | ) |
| | ) CASE NO. 4:13CV1764 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| BRIAN WEIBLING, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

*Pro se* Plaintiff Joe Wallace Peeples, III, currently an inmate at the United States Penitentiary Hazelton ("USP Hazelton") in Bruceton Mills, West Virginia, filed this action against Northeast Ohio Correctional Center ("NEOCC") Dentist Brian Weibling and NEOCC Warden Pugh. ECF No. 1. NEOCC is a privately operated federal prison facility. The Complaint and its attachments reflect that Plaintiff, formerly an inmate at NEOCC, filled out a Dental Emergency Sick Call slip on March 1, 2013 because he was having tooth pain. On March 24, 2013, he was examined by Weibling in a sally port; and was prescribed an antibiotic (Amoxicillin) and Acetaminophen the following day. Plaintiff continued to complain of severe pain, and was prescribed more Acetaminophen on April 11, 2013 and a new antibiotic (Clindamycin) on April 29, 2013. He was transferred to a different correctional facility on May 5, 2013, and his infected tooth was extracted several weeks later. Plaintiff asserts Defendants

(4:13CV1764)

violated his Eighth Amendment right to be free from cruel and unusual punishment. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 915 (6th Cir. 2007); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir. 1990); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986).

2

(4:13CV1764)

*Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## II. Law and Analysis

Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The facts set forth in the Complaint (ECF No. 1) and its attachments do not indicate such indifference.

Even had Plaintiff set forth sufficient allegations to sustain an Eighth Amendment claim, such a claim is not cognizable under *Minneci v. Pollard*, 132 S.Ct. 617 (2012). In *Minneci*, the Supreme Court held a federal prisoner could not assert a *Bivens*[2] claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. In so holding, the Court noted it had "found specific authority indicating that state law imposes general

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

(4:13CV1764)

tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id.* at 624-25. The Court also stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Id.* at 626.

Thus, even construing the Complaint (ECF No. 1) liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

(4:13CV1764)

### III.  Conclusion

Accordingly, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted; and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged.  *See e.g.*, *Vargas v. Joe Corley Detention Facility*, No. H-11-1963, 2012 WL 6042201, at *5 (S.D. Texas Dec. 4, 2012) (dismissing without prejudice plaintiff's claims that alleged state law tort actions).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

|  February 28, 2014  |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |